# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 575 | **DATE** | 9/28/2012 |
| **CASE TITLE** | Faath vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court denies Plaintiff's motion for sanctions [126]. The Court will set this matter for a status as soon as practicable to discuss issues relating to Faath's motion for partial summary judgment [97] and Defendants' motion for summary judgment [94].

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Jeffrey Faath sued Arthur Anthony, Terrance Meehan, Ronald Banovic, and William Moran, individually and as agents of the Cook County Sheriff's Department (collectively "Defendants"), and "other as of yet unknown Cook County Sheriffs" for violations of state and federal law stemming from an incident on June 19, 2009. Faath has failed to identify the "other as of yet unknown Cook County Sheriffs" and his opportunity to do so is foreclosed by the statute of limitations. The statute of limitation for Faath's claims under § 1983 is two years. See *Wallace v. Kato*, 549 U.S. 384, 392 (2007); *Hilerman v. Maze*, 367 F.3d 694, 696 (7th Cir.2004) ("Illinois has a two-year statute of limitations for personal injury claims, see 735 ILCS 5/13–202, and this is the period to apply to a § 1983 case"). The incident in question occurred on June 19, 2009, and therefore Faath's opportunity to identify the unknown officers has expired. Similarly, the statute of limitations on his state law claims, even the malicious prosecution claim that accrued slightly later than the others, also has run. See 745 ILCS 10/8-101.

Faath's ten-count amended complaint [37] asserts claims against the named Defendants under 42 U.S.C. § 1983 for false arrest and unlawful detention (Count I), excessive force (Count III), illegal entry into Faath's home and unwarranted seizure of Faath (Count V), and illegal entry into Faath's home and unwarranted search and seizure of his cell phone (Count VI). It also asserts claims under Illinois state law for false imprisonment (Count II), assault (Count IV), trespass (Count VII), malicious prosecution (Count VIII), intentional infliction of emotional distress (Count IX), and indemnification (Count X). Currently pending before the Court are Defendants' motion for summary judgment [94], Faath's cross-motion for partial summary judgment [97], and Faath's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 [126]. This opinion addresses only Plaintiff's motion for sanctions.

When ruling on summary judgment motions, the Court generally takes all relevant facts from the parties' Local Rule ("L.R.") 56.1 statements. L.R. 56.1 is designed to facilitate this approach by streamlining the

**STATEMENT**

Court's review of the case and identification of triable issues. See *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) ([L.R. 56.1] "is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary.") (quoting *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994)). To advance its purpose, L.R. 56.1 requires the moving party to file a statement of material facts, supported by admissible evidence in the record, that are not in dispute and entitle the party to judgment as a matter of law. L.R. 56.1(a)(3). L.R. 56.1 also requires the non-moving party to file a responsive statement indicating any disagreement, supported by citations to admissible record evidence. *Id.* (b)(3)(B). In addition, L.R. 56.1 requires the non-moving party to file its own statement of additional facts, supported by admissible evidence in the record, that require the denial of summary judgment. *Id.* (b)(3)(C); see also *Malec v. Sanford*, 191 F.R.D. 581, 583–85 (N.D. Ill. 2000).

Although L.R. 56.1 imposes some burden on the parties, when the resulting work product is prepared according to the rule it does provide substantial assistance to the Court in promoting the accurate and efficient identification of genuine factual disputes. Here, the Court finds itself unable to rely on the L.R. 56.1 statements because Defendants' misapprehension of their obligations at the summary judgment stage has resulted in the submission of multiple contradictory L.R. 56.1 statements. Defendants explain that "where Defendants moved for summary judgment, Defendants applied the facts in the light most favorable to Plaintiff (non-movant for that motion), and where Defendants defended against [Plaintiff's cross-motion for partial] summary judgment, Defendants applied the facts in the light most favorable to Defendants (non-movants for that motion)." [129 at 6]. That is, their L.R. 56.1 statement of facts and brief supporting their motion for summary judgment present a version of the facts favorable to plaintiff Faath; indeed, many of the factual assertions in these filings are supported only by citations to Faath's deposition. Yet their responses to Faath's additional facts and his statement of facts in support of his cross-motion for partial summary judgment take on a decidedly pro-Defendant slant and in some instances directly contradict purportedly undisputed assertions made in their previous submission.

For instance, Defendants assert in their Statement of Material Facts [95] that, after Faath opened his apartment door to them on the morning of June 19, 2009, he "went into his bedroom to put on a pair of shorts and a t-shirt. After about ten to fifteen seconds, Plaintiff returned to the kitchen area where all four officers were located." [95 ¶ 48, citation omitted]. Faath, who testified to this version of events during his deposition, admits these facts in his response. See [100 ¶ 48]. Yet in their response to Faath's virtually identical assertion in his own Statement of Undisputed, Material Facts [102 ¶ 47 ("Plaintiff was dressed only in boxers, so he turned and walked to his bedroom to put on clothes for ten or fifteen seconds. When he returned in a tee shirt and cargo shorts, all four Defendants were in his kitchen.")], Defendants claim to dispute these facts. [112 ¶ 47].

Faath called these inconsistencies to Defendants' attention by notifying them that he intended to pursue sanctions against them pursuant to Federal Rule of Civil Procedure 11. Defendants declined to withdraw the offending statements and defended their unconventional approach to their summary judgment filings. Faath proceeded to file a motion for sanctions, pointing the Court to Defendants' conflicting factual assertions as well as other conduct that was in his view questionable. That motion is now before the Court.

Notwithstanding their pronouncements of incredulity at "the degree of Plaintiff's misunderstanding" and his "erroneous application of the proper legal standard at summary judgment," [129 at 6], it is Defendants who have misunderstood the L.R. 56.1 requirements set forth in the rules and case law. As noted above, L.R. 56.1 requires a moving party to file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." L.R. 56.1(a)(3). It does

**STATEMENT**

not, as Defendants suggest, require a party to present the facts in the light most favorable to the non-moving party. To the contrary, the case law that Defendants cite makes clear that the *Court*, not the parties, is tasked with viewing all facts and drawing all reasonable inferences in the light most favorable to non-moving party. See *Tate v. Long Term Disability Plan for Salaried Emps. of Champion Int'l Corp. # 506*, 545 F.3d 555, 559 (7th Cir. 2008), *abrogated on other grounds by Hardt v. Reliance Std. Life Ins. Co.*, 130 S. Ct. 2149 (May 24, 2010) ("*[W]e* view all facts and draw all reasonable inferences in a light most favorable to the party against whom the motion is made.") (emphasis added); *Moore v. Watson*, 738 F. Supp. 2d 817, 827 (N.D. Ill. 2010) ("When presented with cross-motions for summary judgment, *the court* is required to adopt a Janus-like perspective, viewing the facts for purposes of each motion viewed through the lens most favorable to the non-moving party. *The court* thus construes all inferences in favor of the party against whom the motion under consideration is made.") (emphases added; citations, alterations, and quotations omitted). The parties' responsibility under both L.R. 56.1 and Federal Rule of Civil Procedure Rule 56 is to inform the Court what the salient facts are and what evidence in the record supports or refutes them. It is for the Court, not the parties, to "appl[y] the facts" against the summary judgment standard and draw any reasonable inferences that may be appropriate.

In spite of Defendants' misunderstanding of the rules, their unwillingness to re-evaluate their position when questioned by Faath, and the added burden placed upon both Faath and the Court as a result of their contradictory assertions of purportedly "undisputed" facts, the Court is not inclined to impose sanctions on Defendants or their attorneys for this misstep or any of the other alleged infractions enumerated in Faath's motion for sanctions. The Court acknowledges (and shares) Faath's frustration with having to "sift through myriad contradictions" [126 at 18], and notes that it, too, has had to shoulder a heavier burden in light of *both* parties' disavowal of statements made in their depositions. (Faath, for instance, testified that Defendants were knocking on his door for ten to fifteen minutes and later denied Defendants' assertion to that effect.) Yet the Court is not persuaded that Defendants acted in bad faith in connection with their summary judgment filings, or that sanctions are necessary to "deter repetition of [Defendants' unusual] conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4); see also *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 721 (7th Cir. 2004) ("Rule 11 imposes a duty on attorneys to ensure that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose. The rule is principally designed to prevent baseless filings. Sanctions will be imposed if counsel files a complaint with improper motives or without adequate investigation.") (citations omitted). The Court also notes that "the decision whether to apply [local] rule [56.1] strictly or to overlook any transgression is one left to the Court's discretion" *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995), and, in light of the robust record evidence provided by both parties, the Court is inclined to overlook Defendants' transgressions of L.R. 56.1 as it is able to identify the disputed issues of material fact from these other materials. The Court therefore denies Faath's motion for sanctions [126]. The Court will set this matter for a status as soon as practicable to discuss issues relating to Faath's motion for partial summary judgment [97] and Defendants' motion for summary judgment [94].